# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL CODA, individually and on behalf all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CONSTELLATION ENERGY POWER CHOICE, LLC.,<br><br>　　　　　　　Defendant. | Civil Action No.  2:17-cv-03437-JMV-MF |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

———————————————————————————————

Matthew R. Mendelsohn
**MAZIE SLATER KATZ &
FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068

D. Greg Blankinship
Todd S. Garber
Chantal Khalil
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
445 Hamilton Avenue, Suite 605
White Plains, New York 10601

*Attorneys for Plaintiff and the Putative Class*

{00299631 }

Plaintiff Michael Coda ("Plaintiff" or "Mr. Coda") respectfully requests leave to submit this response to Defendant Constellation Energy Power Choice, LLC's ("Defendant" or "Constellation") Notice of Supplemental Authority, ECF No. 45, filed in connection with Constellation's pending Motion to Dismiss the Amended Class Action Complaint, ECF No. 35.  *Marshall v. Verde Energy USA, Inc.*, No. 18-1344-JMV-JBC, 2019 WL 1254562 (D.N.J. Mar. 19, 2019) is inapposite for a litany of reasons, and ultimately militates in favor of denying Defendant's Motion to Dismiss.

First, Your Honor dismissed the *Marshall* plaintiff's claims as a consequence of the defendant Verde Energy's variable rate provision, which stated that "the rate may fluctuate monthly with market conditions." 2019 WL 1254562, at *2.  The Court distinguished the contract at issue in *Marshall* from the contract in *Gorecki v. Clearview Electric* on the basis that the *Marshall* contract's use of the word "may" rather than "will" "means that Verde could, but was not required to, consider market conditions when setting Plaintiff's rate," whereas the *Gorecki* contract said the rate would be "*based on* wholesale market conditions." *Id.* at *5 (quoting *Gorecki v. Clearview Electric, Inc.*, 338 F. Supp. 3d 470, 474 (W.D. Pa. 2018) (denying the defendant's motion to dismiss) (emphasis added)).  Unlike the *Marshall* contract and akin to the *Gorecki* contract, the contract in the instant action represents that Constellation will set the variable rate each month "*based*

*upon* factors such as electricity market pricing, transmission costs, utility charges and other market related factors." Amended Complaint ("Am. Compl."), ECF No. 32, ¶ 24 (emphasis added). Therefore, the Constellation contract *mandated* that Constellation's variable rate fluctuate in accordance with the listed components.

Second, Your Honor notes that in *Marshall*, "[t]he term 'market conditions' is not defined, and Plaintiff attempts to limit it to one aspect of market conditions, that is, the underlying wholesale market rate." 2019 WL 1254562, at *4. The Court further explains that, "[a]nother difference between *Gorecki* and the current matter is that here, Defendant indicated that its rate may fluctuate based on market conditions in general. In *Gorecki*, the defendant indicated that its rate would be based on wholesale market conditions. . . . Plaintiff attempts to define 'market conditions' as 'wholesale' market conditions, but the 'wholesale' limitation is not in the Agreement." 2019 WL 1254562, at *5 n.3 (quoting *Gorecki*, 338 F. Supp. 3d at 472) (internal citation omitted). In contrast, the Constellation contract provides that its variable rate will be "based upon factors as electricity market pricing, transmission costs, utility charges and other market related factors." Contrary to *Marshall*, Mr. Coda's pleadings address all of these factors by providing comparisons to wholesale electricity market pricing (Am. Compl. ¶¶ 38-40), utility rates and charges (Am. Compl. ¶¶ 29-34), and other retail electricity market pricing (Am. Compl. ¶ 35). Plaintiff also notes that these comparators take

into account other electricity market cost components such as transmission, ancillaries, capacity, and utility charges.  Am. Compl. ¶¶ 17, 44.  Consequently, the Amended Complaint addresses all reasonable interpretations of Defendant's pricing factors, and both *Marshall* and *Gorecki* support the adequacy of Plaintiff's claims.

Third, the Court also points to "a significant factual difference" between *Orange v. Starion Energy* and *Marshall*.  "[In *Orange*], the claim was based on Pennsylvania law, which required 'that an energy supplier's contract include a statement informing the customer on what basis prices will vary.' . . . Here, Plaintiff has not alleged that New Jersey law had a similar requirement." *Marshall*, 2019 WL 1254562, at *5 n.4 (quoting *Orange v. Starion Energy PA, Inc.*, 711 F. App'x 681, 683 (3d Cir. 2017)) (internal citation omitted).  Unlike *Marshall* and akin to *Orange*, Plaintiff provides the Court with New Jersey statutory authority which mandates that independent energy suppliers inform customers of their applicable pricing methodology.  In fact, the authority Plaintiff provides is far more demanding than the Pennsylvania statute cited in *Orange*: "A TPS [third-party energy suppler] contract shall *clearly and conspicuously* . . . include *explicit* terms and conditions, which shall include, at a minimum . . . a *clear and unambiguous statement of the precise mechanism or formula by which the price will be determined*[.]"  N.J. Admin. Code § 14:4-7.6(b) (emphasis added).

*See* Opposition to Motion to Dismiss, ECF No. 41, at 10, 16-18, 35.  Therefore, interpreting Constellation's pricing methodology as providing Defendant with unfettered discretion would not only render the contract's own terms meaningless, but it would also undermine New Jersey's energy industry-specific consumer protection laws which are intended to protect consumers from precisely the type of predatory behavior Constellation seeks to justify.

Finally, contrary to *Marshall*, where Your Honor found that "Plaintiff fails to provide any facts that permit the Court to infer that Verde acted in bad faith when adjusting Plaintiff's monthly rate," 2019 WL 1254562, at *6, Mr. Coda provides support for his allegations of bad faith or "improper motive." Specifically, Mr. Coda alleges that that Constellation lures its customers into switching to its electricity supply services by offering deceptively low teaser rates that are fixed for a limited period of time and initially lower than the local utilities' rates for electricity.  *See, e.g.*, Am. Compl. ¶¶ 2, 23.  Once the competitive fixed rate expires, Constellation automatically transfers its customers to its monthly variable rate.  *Id.*  Constellation can offer low teaser rates that generate little to no profits because it knows that it will reap outrageous profits (to the direct detriment of consumers) through its subsequent highly profitable variable rate.  *Id.* ¶¶ 27, 48.  Thus, unlike *Marshall*, Plaintiff provides factual context for Defendant's bad faith.

For the foregoing reasons, and the reasons stated in Plaintiff's Opposition to the Motion to Dismiss, Plaintiff plausibly alleges his claims and the Motion to Dismiss should be denied.

Respectfully submitted,

Dated: March 28, 2019

*s/ Matthew R. Mendelsohn*
Matthew R. Mendelsohn
MAZIE SLATER KATZ & FREEMAN LLC
103 Eisenhower Parkway
Roseland, NJ 07068

D. Greg Blankinship
Todd S. Garber
Chantal Khalil
FINKELSTEIN, BLANKENSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, New York 10601

*Counsel for Plaintiff and Putative Class*